**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0238** (Jackson County CC-18-2018-F-101)

**Douglas Edward Harper,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner appeals the circuit court's March 3, 2022, order sentencing him, following his conviction for soliciting a minor via computer, to not less than two nor more than ten years of incarceration and, further, suspending imposition of that sentence and placing him on probation for seven years.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner, who was a thirty-nine-year-old pastor at the time of the events giving rise to his conviction, began text messaging a fifteen-year-old congregant (the "victim"). In the beginning, the two texted about the weather and a car the victim was restoring. Before long, though, petitioner's messages took a turn. Petitioner asked if the victim's phone could receive pictures, and he sent the victim one of himself. He asked the victim if the victim was "wondering what in the world kinda pic is he sending me" and remarked that it "could've been a pic of my sexy legs . . . or my naked man boobs." Petitioner asked, "[M]aybe you should show your man boobs first?" Petitioner also asked the victim if the victim's parents monitored his phone. "If they do," petitioner continued, "you should let them know that I am just messing with you." Upon learning that the victim's parents did not monitor his phone, petitioner said, "[O]k just don't want anybody thinking I'm a pervert."

A short time later, petitioner asked the victim if he was "hanging by yourself today?" The victim said he was. Petitioner exclaimed, "Nice! Ooh you're home alone," and asked if he could come over. Petitioner claimed he was kidding about coming over and stated, "[Y]ou'd flip if I showed up at your door . . . just as long as you had clothes on!! Haha do you run around in your

---

[1] Petitioner appears by George J. Cosenza, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

1

boxers? Lol!" Petitioner then requested information about the victim's underwear, asking him what brand of boxers he wore, which material he liked, and, "[H]ow far down on your leg do they go?" Petitioner suggested that the victim "model and send me a pic[.]" Petitioner then explained that he was looking to switch underwear brands as he "get[s] rather sweaty down there" and sought pictures because he "thought if I liked what you had I might buy some." The victim answered petitioner's questions regarding his boxer brand and material preferences, but petitioner circled back to pictures: "[S]o you're not into pictures Lol!!" The texting then stopped because the victim's phone battery died.

When texting between the two resumed, petitioner again sought pictures of the victim in his underwear:

> [Petitioner:] you didn't answer the question I asked ya before your battery died yesterday evening
> [The victim:] What was the question?
> [Petitioner:] If you were not into sending pictures Haha!
> [The victim:] What kind of pictures
> [Petitioner:] boxers Haha!
> [Petitioner:] If you're not bro it's cool
> [Petitioner:] Never hurts to ask right?
> [The victim:] Do you want me to have my boxers on my bed or me wearing it?
> [Petitioner:] whatever you're comfortable with
> [The victim:] Hey I gotta go I got to get into the shower and to town
> [Petitioner:] idea: snap a pic before you get in the shower and send it
> [Petitioner:] or leave me hanging.[]
> [Petitioner:] leave me hanging
> [Petitioner:] yup
> [Petitioner:] way to bust my bubble
> [The victim:] Just got out wym bubble
> [Petitioner:] made me think ya was gonna send one and then didn't

Petitioner also again requested that, should the victim's parents see his phone or ask what the two talk about, the victim "please be sure and let them know that I'm not some kind of weirdo asking for pics of your boxers."

Petitioner was subsequently indicted on three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child and three counts of soliciting a minor via computer. To resolve these charges, petitioner and the State entered into a plea agreement whereby petitioner agreed to enter a conditional guilty[2] plea to one solicitation of a

---

[2] Petitioner's guilty plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). *See also Kennedy v. Frazier*, 178 W. Va. 10, 12, 357 S.E.2d 43, 45 (1987) (recognizing that, under *Alford*, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if

(continued . . .)

minor charge, leaving petitioner free to appeal his conviction on the ground that the evidence was insufficient to support the conviction. The State agreed to dismiss the remaining charges, and the parties further agreed to a binding sentence of probation for a period of time to be determined by the circuit court.

The court accepted petitioner's plea, and on March 1, 2022, the parties appeared for sentencing and to make a record for the appeal contemplated by the plea agreement. The investigating officer testified, and the texts between petitioner and the victim were entered into evidence. Petitioner testified and, although he recognized that people disrobe before showering, denied requesting a picture of the victim naked or engaged in sexually explicit conduct. He maintained that he only sought a picture of the victim "[e]ither in his boxers or the boxers laying on the bed." Petitioner acknowledged that his texts to the victim were "[p]robably not" appropriate and that, if the victim's parents saw the texts, he "would have to explain some things." At the close of the evidence, the court sentenced petitioner to not less than two nor more than ten years of incarceration, but it ordered that the imposition of that sentence be suspended and that petitioner be placed on probation for seven years.

Petitioner now, as permitted by his plea agreement, appeals the lone issue of whether his conduct is sufficient to support a conviction of soliciting a minor via computer under West Virginia Code § 61-3C-14b(a). That statute provides:

> Any person over the age of eighteen, who knowingly uses a computer to solicit, entice, seduce or lure, or attempt to solicit, entice, seduce or lure, a minor known or believed to be at least four years younger than the person using the computer or a person he or she believes to be such a minor, in order to engage in any illegal act proscribed by the provisions of article eight [crimes against chastity, morality, and decency], eight-b [sexual offenses], eight-c [filming of sexually explicit conduct of minors] or eight-d [child abuse] of this chapter, or any felony offense under section four hundred one, article four, chapter sixty-a of this code [prohibiting the manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance], is guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000 or imprisoned in a state correctional facility not less than two nor more than ten years, or both.

And in reviewing the sufficiency of the evidence to support petitioner's conviction under this statute, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Petitioner does not dispute that he used a "computer" or that he and his victim were of

_____

he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him").

ages that would satisfy the age requirements of West Virginia Code § 61-3C-14b(a). Rather, he argues that he could not be convicted under the statute because he did not "solicit, entice, seduce or lure" the victim "in order to engage in any illegal act proscribed by" the identified provisions of the West Virginia State Code. In particular, petitioner argues that he did not request a picture of the victim naked or "sexually explicit" material, as defined in and proscribed by several of those identified provisions.

Petitioner's argument overlooks West Virginia Code § 61-8C-3a, prohibiting child erotica, which provides, in part, that

> [a]ny person age eighteen or over who knowingly and intentionally produces, possesses, displays or distributes, in any form, any visual portrayals of minors who are partially clothed, where the visual portrayals are: (1) Unrelated to the sale of a commercially available legal product; and (2) used for purely prurient purposes, is guilty of a misdemeanor.

*Id.* § 61-8C-3a(a). "'Purely prurient purposes' means for the specific purpose of sexual gratification or sexual arousal from viewing the visual portrayals prohibited by this section." *Id.* § 61-8C-3a(b)(1). Here, the evidence was that petitioner solicited and sought to possess a photograph, i.e., a "visual portrayal" of the victim "partially clothed." There was no evidence that the requested photo was related to the sale of a product. Instead, petitioner's acknowledgment that the text messages were inappropriate along with his express concern about being exposed as a "pervert" signify that he sought to use the photo for "purely prurient purposes." Accordingly, we find that the evidence here was sufficient to support petitioner's conviction for soliciting a minor via computer.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn